**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-20050-CR-ALTONAGA(s)**

**UNITED STATES OF AMERICA**

**v.**

**JOSE MIGUEL GONZALEZ VIDAL et al.,**

**Defendants.**
**_______________________________________/**

**UNITED STATES' FIRST NOTICE OF INTENT TO USE DIRECT, INEXTRICABLY INTERTWINED AND RULE 404(B) EVIDENCE**

The United States, by and through the undersigned Assistant United States Attorney, hereby files this Notice of Intent to Introduce Direct, Inextricably Intertwined, and Rule 404(b) Evidence.

**BACKGROUND**

The Superseding Indictment charges the Defendants with offenses resulting from their migrant smuggling and ransom operation. Victim accounts allege confederates collaborated to unlawfully collect migrants from the coasts of Cuba and transport them to locations in Mexico's Yucatan Peninsula. Once migrants arrived in Mexico, they were typically required to satisfy a smuggling debt of $10,000.[1] Migrants who were unable to pay were detained, starved, threatened, assaulted, beaten, electrocuted, and subjected to various abuses constituting torture.[2] Kidnapped

1 *See for e.g.,* United States Production 1, Advance Jencks, BSN0032, BSN00335, BSN00338, BSN00340, BSN00480, BSN00517, BSN00608, BSN00694, BSN00719-720, BSN00722, BSN04382, BSN04384, BSN04387.

2 *See, e.g.*, United States Production 1, Advance Jencks, BSN00335, BSN00539 (for example of threats to starve or dehydrate), BSN00480, BSN00721 (for example of a threat to mutilate), BSN00722, BSN00733, BSN04388 (for example of a threat to sexually assault), BSN00733 (for threatened peonage to a sexual entertainment venue); BSN00340, BSN00608, BSN00721, BSN04387 (for example of battery), BSN00341, BSN00539, BSN00608, BSN00721, BSN04387

migrants also recounted being forced to watch other migrants being abused on video or in person. *See, e.g.*, United States Production 1, Advance Jencks, BSN00721 (describing a victim experience of being forced to watch a video of migrants having their fingers severed with a shovel). Kidnapped migrants were kept in compact overcrowded quarters with limited sanitation. The debased living conditions led the defendants and their confederates to refer to victim migrants as "pollitos" (Spanish for baby chicks) based on their subhuman treatment. *See, e.g.*, United States Production 1, Advance Jencks, BSN00339, BSN00719-720, BSN04386. To motivate the payment of ransom, migrant victims' family members received telephone calls, text message images, and videos of their loved ones suffering abuses. *See, e.g.*, United States Production 1, Video File, BSN 00139 (video of a migrant being struck while disrobed).

The victims reported that beatings were at times so brutal, the defendants commiserated over the need to dispose of migrants' bodies when they thought one had expired. Moreover, victims also reported that migrants who could not be excoriated into paying their smuggling debt were conscripted into the group's service. When unable to secure their monetary ransom, confederates extracted their recompense by alternative means. Male migrants were at times conscripted into manual labor, with some female victims repeatedly sexually battered. Once the confederates grew tired of non-paying migrants, they were either expelled to the streets of Mexico or simply disappeared. Some of the victim migrants noted that they did not disclose their ordeals to immigration authorities out of fear of retaliation. *See, e.g.*, Production 1, BSN00329,

---

(for example of electrocution), BSN00480 (for example of threatened suffocation), BSN00517, BSN04384 (for threatened homicide).

BSN00613, BSN00731 (noting that migrants were threatened that if they spoke of their ordeals, the conspirators would find them and their family members through associates in Cuba and the United States).

**<u>EVIDENTIARY NOTICE</u>**

Under the doctrines of direct and inextricably intertwined evidence, the United States seeks to introduce at trial, in its' case-in-chief, intrinsic proof of the crimes charged in the Superseding Indictment. The advance disclosure of direct and inextricably intertwined evidence is offered to assist the defense in understanding the scope of the case, as the United States is "not required to provide notice of intrinsic evidence." *See United States v. Thanh Quoc Hoang*, 560 F. App'x 849, 853 (11th Cir. 2014) ("Hoang complains that he was not notified before the evidence was introduced at trial, but the government was not required to provide notice of intrinsic evidence."); *see also United States v. US Infrastructure*, *Inc*., 576 F.3d 1195, 1210 (11th Cir. 2009); *see also United States v. Leavitt*, 878 F.2d 1329, 1339 (11th Cir. 1989) ("Since these acts are not 404(b) evidence, the government was not required to give the defendants' notice of their intention to use them.").

**a. <u>Evidence Offered Alternatively under Theories of Direct, Inextricably Intertwined, and Rule 404(b) Evidence.</u>**

Under the doctrines and rules governing direct, inextricably intertwined, and Rule 404(b) evidence, the United States seeks to introduce at trial, in its' case-in-chief, evidence of defendants' and their associates' participation in the crimes charged by the Superseding Indictment as addressed below. Alternatively, under Rule 404(b), the United States seeks to introduce at trial, in its' case-in-chief, evidence showing motive, opportunity, intent, preparation, plan, knowledge,

identity, or absence of mistake or accident. In light of the possibility that the trial evidence may be admissible as either direct, inextricably intertwined, or under Rule 404(b), the United States tenders the evidence in the alternative. *See United States v. Troya,* 733 F.3d 1125, 1132 (11th Cir 2013) ("The attempted home invasion was direct evidence of Appellants' conspiracy to possess with intent to distribute cocaine . . . Alternatively, as the district court properly concluded, both incidents would have also been admissible under Rule 404(b)."); *see also United States v. Johnson*, 265 F. App'x 757, 759 (11th Cir. 2008) ("The district court did not abuse its discretion in admitting evidence of kidnaping and sexual exploitation because this evidence (1) arose from the same transaction as the charged offense, (2) established the context under which the girls saw the firearms and Johnson's motive for possessing them, and (3) explained to the jury why law enforcement officers were investigating Johnson. We conclude that this evidence inextricably was intertwined with the charged offense."); *see also United States v. Prophete*, 522 Fed. Appx. 583, 586 (11th Cir. 2013) ("the evidence was admissible as intrinsic evidence inextricably intertwined with evidence of the charged bank fraud offenses . . . We also add that the SunTrust Evidence was alternatively admissible under Rule 404(b) because it showed Prophete's intent and his knowledge of the scheme and it met the three-part test for admissibility."); *see also United States v. Grajales–Montoya,* 117 F.3d 356, 363–64 (8th Cir.) (stating evidence that drug conspirators kidnaped, interrogated, and arranged for their maid to be killed was admissible as direct evidence of a conspiracy), *cert. denied,* 522 U.S. 983, 118 S.Ct. 446, 139 L.Ed.2d 382 (1997); *see also United States v. Sriyuth*, 98 F.3d 739, 747 (3d Cir. 1996) ("the evidence of Sriyuth's sexual assault of Von is relevant to show not only his motive[12] in kidnapping her, but also that she did not consent to go with him").

**i. Smuggling, Ransoming, Extorting, and Contemporaneous Abuses:**

The United States intends to submit evidence that the defendants and their associates operated an ongoing scheme to profit through the smuggling and ransoming of migrants. The defendants' scheme processed an untold number of migrants through an assembly line of assault, battery, compelled labor, sexual violence, and torture to secure pecuniary gain. The confederates contemporaneously extorted victim migrants' families through telephone calls and electronic communications, which at times included the transmission of contemporaneous torture images.

The United States intends to offer evidence of the smuggling and ransom scheme acts through victim testimony, photos, recovered abuse videos, recovered cellular phone data, social media records, and other materials tendered in discovery.

**ii. Collection and Disbursement of Illicit Proceeds:**

The United States intends to present evidence establishing the defendants and their uncharged associates sought to collect, route, and disburse illicit proceeds resulting from the schemes charged in the Superseding Indictment.

*Remainder of Page Intentionally Left Blank*

## CONCLUSION

The United States respectfully requests that the Court allow it to introduce the proposed direct, inextricably intertwined, or Rule 404(b) evidence in its case-in-chief at trial.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: /s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney
Florida Bar No. 16275
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9318
Fax: (305) 536-4699

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically onto the Court's CM/ECF system on June 7, 2021.

/s/ Ignacio J. Vázquez, Jr.
Assistant United States Attorney