**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-20050-CR-ALTONAGA(s)**

**UNITED STATES OF AMERICA**

**vs.**

**REYNALDO CRESPO MARQUEZ et al.,**

**Defendants.**
_________________________________/

**UNITED STATES' MOTION IN LIMINE – JUSTIFICATION**

On September 27, 2021, this Court is scheduled to conduct the jury trial of the Defendants who have been charged with operating a violent migrant smuggling and ransom scheme.[1] The Defendants have been acknowledged "coyotes" by counsel for Marquez, although they are just as well understood as "polleros."[2] based on their description of migrants victims as little chickens under the Spanish term pollitos.

The United States expects that Defendant Reynaldo Crespo Marquez, and perhaps additional codefendants, to argue there was justification to confine, threaten, or use violence to induce satisfaction of unpaid human smuggling fees. The United States finds no legal support for the notion that violent self-help becomes a legitimate tool when wielded in service of an illicit venture.

In anticipation of such an offering or defense, the United States, by and through its undersigned Assistant United States Attorney, now files this motion in limine seeking to prohibit

1 For the sake of brevity, the United States relies upon its prior filing outlining the anticipated evidence in this case. DE47, United States' Notice of Intent to Rely on Direct, Inextricably Intertwined, and Rule 404(b) Evidence.

2 *See, e.g.*, United States Production 1, Advance Jencks, BSN00339, BSN00719-720, BSN04386.

argument to the jury, at any stage, of a theory of justification absent advance authorization from the Court.

Before submitting this filing, the United States sought the position of defense counsel. Defendant Valdes, through counsel, advised the United States he does not view justification as an affirmative defense to the Superseding Indictment's charges.

Counsel for Defendant Marquez responded that he objected to the United States' proposed motion. Marquez, through counsel, asserted that the activity underlying the indictment's charges constitutes ordinary human smuggling of the "coyote" variety. *See* Attachment A, Redacted Electronic Mail Communication from Attorney Scott Kalish, May 22, 2021. Marquez' position is that he intends to argue such to the jury and notes that "to preclude it is a fundamental denial of the due process of law." *Id*. Counsel for the remaining defendants did not respond to the United States' request for a position.

## EVIDENTIARY CLAIM AT ISSUE

Evidentiary disputes frequently reach the Court mired by layers of nuance and the cross perceptions of the litigants. But this coyote comes as a coyote. Marquez' potential justification defense rests on the premise that coercive means are justified to ensure smugglers can reap the fruits of their labor. The United States asserts there is no basis in fact or law for Marquez' proposed justification defense and thus moves herein to prohibit such a theory from being presented or alluded to the jury at any stage.

## LEGAL STANDARD

The Constitution provides criminal defendants with the general right to present evidence and call witnesses in their own favor. *See United States v. Hum*, 368 F.3d 1359, 1362 (11th Cir. 2004). It is well established, however, that these rights are not limitless. "It is axiomatic that a defendant's right to present a full defense does not entitle him to place before the jury irrelevant or otherwise inadmissible evidence." *United States v. Anderson*, 872 F.2d 1508, 1519 (11th Cir. 1989); Nor do criminal defendants have any right to present a defense that is invalid as a matter of law. *See United States v. Bailey*, 444 U.S. 394, 414-15, 416 (1980).

A district court may determine whether a particular affirmative defense is available as a matter of law. *See Bailey*, 444 U.S. at 416; *United States v. Montgomery*, 772 F.2d 733, 736-38 (11th Cir. 1985) (affirming exclusion of evidence offered to establish unavailable affirmative defenses of necessity and international law); *see also United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002) (affirming grant of motion in limine to preclude evidence in support of an invalid justification defense). If the proffered defense is not legally cognizable, then the district court should entirely preclude its presentation to the jury. *See Tokash*, 282 F.3d at 968; *United States v. Maxwell*, 254 F.3d 21, 26 (1st Cir. 2001).

## ARGUMENT

"The justification defense serves only as a legal excuse for the criminal act and is based on additional facts and circumstances that are distinct from the conduct constituting the underlying offense." *United States v. Deleveaux,* 205 F.3d 1292, 1298 (11th Cir. 2000); *see also United States v. Poole*, 835 F. App'x 531, 535 (11th Cir. 2020) ("To make out a justification defense, Poole needed to prove that 1) he was under unlawful and present, imminent, and impending threat of

death or serious bodily injury; 2) he did not negligently or recklessly place himself in the situation where he was forced to engage in criminal conduct; 3) he had no reasonable legal alternative; and 4) there was a direct causal relationship between his criminal action and the avoidance of harm."). A defendant's failure to proffer sufficient evidence to satisfy any of the required elements disentitles him to a jury instruction on the defense of justification. *Deleveaux,* 205 F.3d *at* 1299 ("Because justification is an affirmative defense, the district court properly required Deleveaux to prove justification by a preponderance of the evidence.").

The elements of a justification defense require a showing that, at the time of the offense, the defendant was under an immediate threat of death or serious bodily injury; had a well-grounded fear that the threat would be carried out; and had no reasonable opportunity to escape or inform the police. *United States v. Alzate*, 47 F.3d 1103, 1104 (11th Cir. 1995); *United States v. Sixty Acres*, 930 F.2d 857, 860 (11th Cir. 1991); *see also United States v. Flores*, 572 F.3d 1254, 1266 (11th Cir. 2009). None of the justification elements are supported by the defendants' sadistic debt collection practices.

Unsurprisingly, in the context of violent crimes, only a small number of cases have sought to justify self-help as is presently at issue. *See, e.g.*, *United States v. Poole*, 835 F. App'x 531, 536 (11th Cir. 2020) ("Because he had a range of reasonable and legal alternatives at his disposal, he cannot justify the carjacking."); *United States v. Kinslow*, 860 F.2d 963, 966 (9th Cir. 1988), *overruled on other grounds, United States v. Brackeen*, 969 F.2d 827 (9th Cir. 1992) (*en banc*) (observing that "No imaginable set of circumstances could possible justify kidnapping the Blades family in a neighboring state, some two or three weeks after the governor's alleged order.");

*see also United States v. Agnes*, 581 F. Supp. 462, 469 (E.D. Pa. 1984) (observing that justification is not an affirmative defense to Hobbs Act extortion).

In *United States v. Bell*, 214 F.3d at 1299, the Eleventh Circuit affirmed the district court's refusal to allow the defendant to introduce evidence supporting a justification defense because "[t]he facts, as proffered by the defendant, do not meet the standard of an immediate emergency." *Id.* at 1301. Based on the evidence known to the United States, it is presently inconceivable that the confederates harbored any immediate needs other than to extract debt payments. As a result, neither Marquez nor any defendant can establish a legitimate justification and thus should be prohibited from arguing or inferring the same to the jury at any stage of the trial.

## CONCLUSION

Marquez is correct; the defendants did employ prototypical coyote measures to extract their profits. In the context of the human smuggling trade, designation as a coyote is not a term of endearment. Rather smuggling of the coyote variety is well-known as a dehumanizing racket, which inexorably processes innocent human beings through gauntlets of suffering.[3]

3 *See, e.g.*, Smuggling humans: Mexico vows to smash polleros, official corruption, August 14, 2011, available at https://www.chron.com/opinion/editorials/article/Smuggling-humans-Mexico-vows-to-smash-polleros-1980950.php; *see also* The Coyote Cartel, Rolling Stone, June 14, 2021, available at https://www.rollingstone.com/culture/culture-features/border-crisis-2021-gulf-cartel-rio-grande-valley-1182608/ ("They are notorious for systematically swindling and deceiving their customers, especially by playing down the perils of the trip. Women and girls in their custody are extremely vulnerable to rape and may even be sold into sexual slavery. Coyotes routinely imprison, beat, and starve their "cargo," and periodically cause terrible accidents in which large numbers of people die, whether by suffocation, drowning, exposure to the elements, or auto accidents.").

Accordingly, the government asks that Marquez and additional codefendants be prohibited from presenting justification arguments to the jury until the Court determines a proper factual basis has been established.

Respectfully Submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *s/ Ignacio J. Vázquez, Jr.*

Ignacio J. Vázquez, Jr.
Assistant United States Attorney
Florida Bar No. 16275
99 Northeast 4th Street, 5th Floor
Miami, Florida 33132-2111
Tel: (305) 961-9318
Fax: (305) 536-4699

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney