**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CR-20050-ALTONAGA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**JANCER SERGIO RAMOS VALDES, ET AL.**

**Defendants.**
**_______________________________________/**

**RESPONSE TO GOVERNMENT'S 404B NOTICE (DE 47)**

Comes now, the Defendant, JANCER RAMOS VALDES, by and through undersigned counsel and hereby objects to the Governments Notice of Intent to Introduce Evidence pursuant to Federal Rule of Evidence 404(b) (DE 47) and states:

The law allows introduction of prior bad acts if the government can show: (1) a proper purpose for introducing the evidence; (2) that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013); *United States v. Cancelliere*, 69 F.3d 1116 (11th Cir. 1995); *United States v. Mills*, 138 F.3d 928 (11th Cir. 1998).

In determining whether the probative value of the extrinsic evidence outweighs the threat of unfair prejudice caused by the evidence, a court should consider (1) the differences between the charged and the extrinsic offenses, (2) the government's need for the extrinsic evidence, and (3) the temporal remoteness

between the charged offense and the extrinsic offense. *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1255 (11th Cir.1993) (citations omitted).

The defendant specifically objects to the evidence of assault, threats, starvation, beatings, electrocution, torture and sexual misconduct being admitted in the government's case in chief. These allegations are very different than the charged offenses. The charged offenses involve smuggling migrants into the United States, extortion and kidnapping. The extrinsic evidence involves violence against the migrants that were being consensually smuggled.

Moreover, it is unnecessary for the government to introduce these allegations as they have ample evidence of the crimes charged in the indictment without them. The government presumably will call nine alleged victims to testify at trial. These alleged victims will say that the defendants were smuggling them into the United States; that the defendants were communicating with their family members in the United States and requesting that they send money in order to ensure the victims made it to the United States; and that they were held in Mexico by the defendants against their will. The government will also introduce various business records establishing that the defendants did in fact communicate with family members in the United States and did in fact receive currency from individuals in the United States.

Lastly, these allegations are more prejudicial than probative and will lead to unnecessary confusion on the part of the jurors. The evidence of violence by the defendants towards the alleged victim/migrants is overwhelming and will cause a jury to be prejudiced against the defendant. The danger is that the jury will refuse to

consider the actual charges filed and will instead find the defendant guilty based on the extrinsic evidence of violence. Specifically, the allegations of sexual misconduct (wholly unnecessary to prove the charges in the Indictment) are so outrageous and so prejudicial, that allowing them into evidence would cause the defendant to receive an unfair trial.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By: *_/s/ Christian Dunham_*
Assistant Federal Public Defender
Florida Bar No.: 146587
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 533-4177
E-mail: christian_dunham@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christian Dunham*