**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CR-20050-ALTONAGA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**JANCER SERGIO RAMOS VALDES, ET AL.**

**Defendant.**
**_______________________________________/**

**DEFENDANT'S MOTION TO SEVER TRIAL FROM CO-DEFENDANTS YOHISMY PEREZ GONZALEZ AND REYNALDO ABREU GARCIA**

The Defendant, Jancer Ramos Valdes, through undersigned counsel and pursuant to Bruton v. United States, 391 U.S. 123 (1968), and Fed. R. Crim. P. 14, respectfully moves this Court for a severance on the ground that a joint trial with co-defendants Yohismy Perez Gonzalez and Reynaldo Abreu Garcia would violate Mr. Ramos Valdes' right of confrontation guaranteed by the Sixth Amendment to the Constitution. This motion is unique to this defendant and thus filed separately. In support thereof, Mr. Ramos Valdes states as follows:

Co-defendant Yohismy Perez Gonzalez gave a post-Miranda recorded statement to law enforcement in which he indicates that Jancer Ramos Valdes was a member of the criminal conspiracy outlined in the superseding indictment. Specifically, Mr. Perez Gonzalez stated that Mr. Ramos Valdes

participated while in Mexico in the criminal organization involving the transport of Cuban nationals to the United States, that Mr. Ramos Valdes received monies for his efforts, that Mr. Ramos Valdes had sexual relations with some of the migrant victims, and that he was with Mr. Ramos Valdes when he was arrested. Moreover, during the recorded statement, agents advised Mr. Perez Gonzalez they had already spoken with Mr. Ramos Valdes concerning his involvement in the conspiracy.

Co-defendant Reynaldo Abreu Garcia gave a post-Miranda recorded statement to law enforcement where he indicates that Jancer Ramos Valdes was a member of the criminal conspiracy outlined in the superseding indictment. Specifically, Mr. Abreu Garcia stated that Mr. Ramos Valdes was doing things in Mexico that could send them all to jail and decided to leave Mexico and that Mr. Ramos Valdes traveled to the United States only after others involved in the conspiracy were arrested by Mexican law enforcement.

The Sixth Amendment Confrontation Clause precludes the "admission of an out-of-court statement of a non-testifying co-defendant in a joint trial" even if a limiting instruction is provided to the jury. United States v. Ramirez-Perez, 166 F.3d 1106, 1109 (11th Cir. 1999); Bruton v. United States, 391 U.S. 123 (1968). This case presents a similar issue to the one in Gray v. Maryland, 523 U.S. 185, 118 S.Ct.1151 (1998), where the Supreme Court held that the

introduction of a co-defendant's incriminating confession at a joint trial violated the defendant's Sixth Amendment right of confrontation, even though the confession was redacted to replace the defendant's name with the word "deleted." The Supreme Court found that in that blank spaces, a symbol, or the word deleted were facially incriminating and invited the jury to fill in the blanks.

The defense has consulted with the Government and they advised that "the statements will be redacted to exclude reference to trial co-defendants." The government further opposes the severance requested by defendant Ramos Valdes. The government provided redacted versions of these statements to defense counsel for his review. The redactions are similar to those used in <u>Gray v. Maryland</u> and are thus insufficient. In order for the court to make a proper determination on this issue the government should provide the court with the redacted versions of the non-testifying co-defendant's statements that they intend to introduce at trial. Until that is done, any decision denying our motion for severance is premature.

The government proposal as stated above does not comply with the standards set out in <u>Gray v. Maryland</u>, <u>Bruton v. United States</u>, or <u>Richardson v. Marsh</u>, 481 U.S. 200 (1987)(court allowed non-testifying witnesses statement to be introduced against defendant when all references to

defendants existence were removed from statement). Redacting Mr. Ramos Valdes name alone is not sufficient under Gray v. Maryland to protect his rights. The jury will clearly be invited to fill in the blanks where the statements are redacted and with only four other co-defendants proceeding to trial (excluding either Perez Gonzalez or Abreu Garcia), they will know the redacted parts of the statements are concerning one of the remaining defendants.

**WHEREFORE**, Mr. Ramos Valdes, through undersigned counsel, respectfully requests that this Court grant his Motion to Sever Trial from co-defendants Yohismy Perez Gonzalez and Reynaldo Abreu Garcia. Or in the alternative, this Court should order the government to provide the redacted versions of the statements of Yohismy Perez Gonzalez and Reynaldo Abreu Garcia for an in camera review.

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By: */s/ Christian Dunham*
Assistant Federal Public Defender
Florida Bar No.: 146587
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 533-4177
E-mail: christian_dunham@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 31, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christian Dunham*