**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CR-20050-ALTONAGA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**YOSVANNI CARBONEL LEMUS, ET AL.**

**Defendant.**
______________________________________/

## DEFENDANT'S MOTION TO SEVER TRIAL

The Defendant, Yosvanni Carbonel Lemus, through undersigned counsel and pursuant to Bruton v. United States, 391 U.S. 123 (1968), and Fed. R. Crim. P. 14, respectfully moves this Court for a severance on the ground that a joint trial with co-defendants Yohismy Perez Gonzalez and Jancer Sergio Ramos Valdes would violate Mr. Carbonel Lemus's right of confrontation guaranteed by the Sixth Amendment to the Constitution. In support thereof, Mr. Carbonel Lemus states as follows:

Co-defendant Yohismy Perez Gonzalez gave a post-Miranda recorded statement to law enforcement in which he indicates that Yosvanni Carbonnel Lemus was a member of the criminal conspiracy outlined in the superseding indictment. Specifically, Mr. Perez Gonzalez says that Mr. Carbonnel Lemus participated while in Mexico in the criminal organization involving the transport of Cuban nationals to the United States, says that Mr. Carbonnel Lemus was an "employee", says that Mr. Carbonnel Lemus had been rough and aggressive with some of the migrant victims,

and says that Mr. Carbonnel Lemus had beaten and shocked some of the migrants with electricity.

Co-defendant Jancer Sergio Ramos Valdes gave a post-Miranda recorded statement to law enforcement in which he indicates that Yosvanni Carbonnel Lemus was a member of the criminal conspiracy outlined in the superseding indictment. Specifically, Mr. Ramos Valdes says that Mr. Carbonnel Lemus participated while in Mexico in the criminal organization involving the transport of Cuban nationals to the United States, says that Mr. Carbonnel Lemus had been smuggled out of Cuba by co-defendant Mr. Gonzalez Vidal and could not pay his smuggling fee, so he was made to work for the organization by co-defendants including Mr. Gonzalez Vidal. Mr. Ramos Valdes further stated that Mr. Carbonnel Lemus was in charge of calling family members and asking how the family members were going to pay the smuggling fee. Mr. Ramos Valdes told investigators that Mr. Carbonnel Lemus would tell the family member where to deposit money to pay the smuggling fee and would tell the family members that if they did not pay the smuggling fee, the migrants were going to have problems; that the migrants were going to be mistreated or returned to Cuba. In addition, Mr. Ramos Valdes witnessed Mr. Carbonnel Lemus hit a migrant and then told Mr. Ramos Valdes "that's what happens to people who did (do) not pay and did (do) not want to work".

The Sixth Amendment Confrontation Clause precludes the "admission of an out-of-court statement of a non-testifying co-defendant in a joint trial" even if a limiting instruction is provided to the jury. United States v. Ramirez-Perez, 166 F.3d

1106, 1109 (11th Cir. 1999); Bruton v. United States, 391 U.S. 123 (1968). This case presents a similar issue to the one in Gray v. Maryland, 523 U.S. 185, 118 S.Ct.1151 (1998), where the Supreme Court held that the introduction of a co-defendant's incriminating confession at a joint trial violated the defendant's Sixth Amendment right of confrontation, even though the confession was redacted to replace the defendant's name with the word "deleted." The Supreme Court found that in that blank spaces, a symbol, or the word deleted were facially incriminating and invited the jury to fill in the blanks.

The defense has consulted with the Government and they advised that "the statements will be redacted to exclude reference to trial co-defendants." The government further opposes the severance requested by defendants including Carbonnel Lemus. The government has yet to provide redacted versions of these statements to defense counsel for her review, so in an abundance of caution the defense files this motion. In order for the court to make a proper determination on this issue the government needs to provide the defense and the court with the redacted versions of the non-testifying co-defendant's statements that they intend to introduce at trial. Until that is done, any decision on our motion for severance is premature.

The government proposal as stated above may not comply with the standards set out in Gray v. Maryland, Bruton v. United States, or Richardson v. Marsh, 481 U.S. 200 (1987)(court allowed non-testifying witnesses statement to be introduced against defendant when all references to defendants existence were removed from

statement). Redacting Mr. Carbonnel Lemus's name alone is not sufficient to protect his rights. The jury will clearly be invited to fill in the blanks where the statements are redacted and with only four other co-defendants proceeding to trial (excluding either Perez Gonzalez or Abreu Garcia), they will know the redacted parts of the statements are concerning one of the remaining defendants.

**WHEREFORE**, Mr. Carbonnel Lemus, through undersigned counsel, respectfully requests that this Court grant his Motion to Sever Trial from co-defendants Yohismy Perez Gonzalez and Jancer Sergio Ramos Valdes. Or in the alternative, this Court should order the government to provide the redacted versions of the statements of Yohismy Perez Gonzalez and Sergio Ramos Valdes for an in camera review.

Respectfully Submitted,

**Rae Shearn Esq.,**

*/s/ Rae Shearn, Esq.*
Rae Shearn, P.A.
Florida Bar No.: 634077
**Law Offices of Rae Shearn, P.A.**
1885 NW North River Drive
Miami, Florida 33125
Phone 305-545-0014
Facsimile 305-545-0097
One East Broward Boulevard
Suite 700
Fort Lauderdale, Florida 33301
E-mail: rshearn@raeshearnlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 31, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Rae Shearn, Esq.*
Rae Shearn, P.A.
Florida Bar No.: 634077