**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-20050-CMA**

**UNITED STATES OF AMERICA**

**vs.**

**YOHISMY PEREZ GONZALEZ,**

**Defendant.**
_________________________________ /

**JOINT MOTION TO COMPEL THE GOVERNMENT TO DISCLOSE THE IDENTITY OF ALIENS 1 THROUGH 9 AND "VICTIMS" NAMED IN THE SUPERSEDING INDICTMENT**[1]

Defendant, Yohismy Perez Gonzalez, pursuant to the Sixth Amendment of the United States Constitution, respectfully files this Joint Motion to Compel the Government to Disclose to the defendants the names (including aliases) of "Aliens 1 through 9" and the "Victims" specifically identified in the Superseding Indictment (the Indictment). [DE 37].

## I. BACKGROUND

According to the Indictment, nine Aliens, all Cuban nationals, were held captive for ransom until they paid money or other things of value in return for the defendants to transport them to the Mexican-United State border where they could seek asylum in the United States. From this basic set of facts, the government charged defendants in a thirty-five count Indictment under multiple conspiracy theories and numerous counts involving the

---

[1]/ All named defendants, Jose Miguel Gonzalez Vidal, Reynaldo Crespo Marquez, Jancer Sergio Ramos Valdes, Yosvani Carbonel Lemus, Luis Pompa Gonzalez and Reynaldo Abreau Garcia, join in this motion.

nine Aliens and related Victims, identifying the main accusers against the defendants by initials. The discovery provided follows the same pattern with the Aliens and Victims identified by initials and significant redactions throughout the productions.

The defense has repeatedly asked the government to disclose the names of Aliens 1 through 9, along with the Victims identified in the Indictment, in order to prepare a meaningful and effective defense. The government's response? " You are not entitled to a witness list - yet."[2] *But see, United States v. Fisher*, 2021 U.S. App. LEXIS 37847 (11th Cir. December 21, 2021)(the district court has discretion to require the government's witness list in advance of trial).

---

[2]/In effort to address the government's concerns, recently Mr. Perez Gonzalez offered to enter into a confidentiality agreement that would prohibit the disclosure of the Aliens' true names (and aliases) to anyone but him, his attorneys and those hired to help prepare his defense. The government simply responded that it was not required to disclose a witness list and would only do so at the proper time. Despite attempting to explain that the defense was not seeking the government's "trial witness list"- only the names of the Aliens and Victims listed in the Indictment and the main accusers against the defendants, the government steadfastly refused. It seems that the government continues to conflate two issues - disclosure of the identity of the main accusers identified in the Indictment with a trial witness list that would include government agents, records custodians, experts and other potential non material witnesses. To be clear, at this juncture the defense seeks disclosure of the material witnesses identified in the Superseding Indictment that accuse the defendants of committing the acts charged. As it stands, Mr. Perez Gonzalez has no idea the names of the Aliens and Victim who accuse him of the acts charged in the Indictment. The government's continued "cloak of secrecy" mentality regarding the identity of these accusers when trial is a little over one month away, is not only an attempt to obstruct an effective defense, but suspicious.

## II. ARGUMENT

The Sixth Amendment to the United States Constitution, provides that "in all criminal prosecutions the accused shall enjoy the right ... to be confronted with the witnesses against him.... and to have the Assistance of Counsel for his defense." U.S. Const. amend VI. This includes the right to full cross-examination into possible bias, especially where the witness is one if the government's star witness and may have participated in some illegal activity, such as false statements or immigration fraud. *See United States. v. Taylor*, 17 F.3d 333, 340 (11th Cir. 1994) ("The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' credibility had counsel pursued the proposed line of cross-examination.") (citation omitted); and *California v. Gree*n, 399 U.S. 149, 158 (1970) (cross-examination greatest legal engine ever invented for the discovery of truth....).

Naturally flowing from this long established Sixth Amendment right, is the government's obligation to disclose to defendant the names of his accusers with sufficient time to permit the defense to independently investigate and prepare an effective cross-examination. It is even more critical when the main accusers (Aliens 1 through 9) are specifically identified in the Indictment and provide a critical element of proof in each of the thirty-five counts charged. In other words, the testimony of each of these aliens is essential for the government to satisfy its statutory burdens. The significance of this most fundamental information cannot be understated.

The Supreme Court echoed this position in *Smith v. Illinois*, when it reversed

a defendant's conviction after the trial court prevented him from learning the true identity of the State's witness. In reaching this conclusion, the Court detailed:

> Yet when the credibility of a witness is in issue, the very starting point in exposing falsehood and bringing our the truth through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.

390 U.S. 129, 131 (1968)(internal quotations omitted). *Alford v. United States*, 282 U.S. 687, 692 (1931)("It is the essence of a fair trial that opportunity to place the witness in his proper setting and put the weight of his testimony and credibility to a test, without which the jury cannot fairly appraise them.").

This case will boil down to the credibility of the yet-to-be-disclosed nine Aliens and Victims in the Indictment. By refusing to provide such rudimentary information such as a name, the government has emasculated the defense ability to adequately prepare for cross-examination and confront their accusers under the Sixth Amendment.

## III. CONCLUSION

Allowing the Aliens and Victims to testify without providing the defense time to conduct any meaningful inquiry into their identity and background -- the most fundamental measure of their credibility -- would not only eviscerate defendants' Sixth Amendment's right to confrontation, but would destroy the defendants ability to receive a trial that is fair.

## SDFL LOCAL RULE 88.9(a) CERTIFICATION

Despite repeated efforts by several defense counsel, including the undersigned, to reach an agreement regarding disclosure of the names of the Aliens and Victims identified in the Superseding Indictment, the government continues to refuse and maintains that it does not have to provide a "witness list." As a result the defense is left with no option but to seek Court intervention.

Respectfully submitted,

PIÑERA-VAZQUEZ LAW FIRM
1200 Brickell Avenue
Suite 520
Miami, Florida 33131

/s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez, Esq.
Attorney For Defendant
Florida Bar No. 821537

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 31, 2022, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

/s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez, Esq.