**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CR-20050-ALTONAGA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.**

**JANCER SERGIO RAMOS VALDES, ET AL.**

**Defendants.**
**______________________________________/**

**DEFENSE MOTIONS IN LIMINE**

Come now, the defendants, by and through undersigned counsel and pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence and this Court's Order (DE 89), and hereby file these combined motions in limine.

The defendants contend the government intends to introduce certain evidence, which is not relevant to the crimes charged, is more prejudicial than probative and does not meet the *Daubert* standard for admissibility. The defendants together are accused of Conspiracy to Encourage Aliens to Enter the United States for Financial Gain (Count 1), Encouraging Aliens to Enter the United States for Financial Gain (Counts 2-9), Conspiracy to Transmit Extortionate Interstate Communications (Count 10), Interstate Transmission of Extortionate Threats (Counts 11-16), Conspiracy to Bring Aliens Into the United States (Count 17), Conspiracy to Commit Kidnapping (Count 18), Kidnapping (Counts 19-26), Conspiracy to Extort (Count 27), Extortion (Counts 28-35). (DE 37).

Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probably or less probable than it would be without the evidence." *United States v. Matthews*, 431 F.3d 1296, 1309 (11th Cir. 2005); *United States v. Troya*, 733 F.3d 1125 (11th Cir. 2013). The fact to which the evidence is directed need not be in dispute. Some factors courts should consider are whether introduction of evidence is a waste of time or unfairly prejudicial, however it is not necessary for the evidence to be related solely to matters in dispute. *Old Chief v. United States*, 519 U.S. 172 (1997).

Evidence a court deems relevant may still be excluded under Federal Rule of Evidence 403 but only when the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. Rule 403 is an extraordinary remedy that should be used sparingly because it allows the court to exclude otherwise probative evidence. *United States v. Ross*, 33 F.3d 1507 (11th Cir. 1994); *United States v. Elkins*, 885 F.2d 775 (11th Cir. 1989).

The term "unfair prejudice" relates to the capacity of some concededly relevant evidence to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged …. 'Unfair prejudice' within [the context of Rule 403] means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172

(1997). The Eleventh Circuit has found error due to the admission of unfairly prejudicial testimony on many occasions. See *United States v. Gamory*, 635 F.3d 480 (11th Cir. 2011)(error to allow introduction of YouTube video replete with references to sex, degradation of women, and violence directed at women, when defendant was not in the video); *United States v. Hands*, 184 F.3d 1322 (11th Cir. 1999)(error for court to allow introduction of domestic violence evidence against defendant in distributing cocaine prosecution); and *United States v. Bowman*, 302 F.3d 1228 (11th Cir. 2002)(error for court to allow evidence that defendant belonged to racist organization in RICO indictment).

Federal Rule of Evidence 702 states "a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

In deciding whether to allow a witness to testify under Rule 702, this Court must consider the following factors: whether the expert can testify competently in the area he/she intends to discuss, whether the experts methodology is sufficiently reliable, and whether the testimony, through the witnesses scientific, technical, or specialized expertise, will help the trier of fact in understanding the evidence. *United*

*States v. Jayyousi*, 657 F.3d 1085, 1106 (11th Cir. 2011); *United States v. Gayden*, 977 F.3d 1146 (11th Cir. 2020).

Regarding the reliability determination under *Daubert*, there are four factors this Court must consider about the expert's theory or technique: (1) whether it can be (and has been) tested; (2) whether it has been subjected to peer review or publication; (3) what its known or potential rate of error is, and whether standards controlling its operation exist; and (4) whether it is generally accepted in the field. *Daubert v. Merrell Dow Pharms*, 509 U.S. 579 (1993). Furthermore, the *Daubert* rules apply to all expert testimony not simply those based on science. *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004).

Accordingly, pursuant to Federal Rules of Evidence 401, 403 and 702, the defendants motion this Honorable Court to exclude the following evidence from the trial in this matter:

1. Exclude reference to any and all sexual misconduct including threats of sexual misconduct by the defendants with government victims 1-9 or any other migrants involved in the overall conspiracy. The government intends to introduce evidence that some of the female migrant alleged victims were subjected to rape and/or inappropriate sexual activity and/or threats of rape and inappropriate sexual activity. The indictment against the defendants does not include any reference to any sexual crimes or sexual overt acts. Any evidence of sexual crimes committed by the defendants against the female migrant alleged victims is more prejudicial than probative. Outside of murder,

sexual crimes and allegations of sexual crimes cause the largest emotional reactions from the community at large. Allowing these allegations into a trial dealing with alien smuggling, extortion and kidnapping will unfairly prejudice the defendants and allow the jury to convict them "on a ground different from proof specific to the offense charged." Moreover, the defense believes these are collateral crimes. The government objects to this motion.

The defense acknowledges the Court has already sua sponte ruled on this issue in docket entry 190. However, because the defendants had yet to actually file their motions in limine, the defense files this motion in order to preserve the issue for purposes of appeal. Moreover, the defense believes this Court should, in the alternative, limit the amount of evidence introduced by the government concerning sexual crimes committed by the defendants. Otherwise, the defense believes the allegations of sexual misconduct will become a feature of the trial instead of the actual allegations contained in the indictment.

2. Exclude reference to the various acts of violence including threats, beatings, torture and starvation. The government intends to introduce various videos depicting violence done by the defendants towards the migrants at trial. Specifically, the government intends to introduce videos depicting one migrant being electrocuted and other videos of migrants being beaten. We believe these are collateral crimes and are not relevant to the crimes charged in the Superseding Indictment. The defense believes evidence of the above is more prejudicial than probative. Moreover, allowing these allegations into a trial

dealing with alien smuggling, extortion and kidnapping will unfairly prejudice the defendants and allow the jury to convict them "on a ground different from proof specific to the offense charged." The government objects to this motion.

The defense acknowledges the Court has already sua sponte ruled on this issue in docket entry 190. However, because the defendants had yet to actually file their motions in limine, the defense files this motion in order to preserve the issue for purposes of appeal. Moreover, the defense believes this Court should, in the alternative, limit the amount of evidence (videos) introduced by the government concerning threats, beatings, torture and starvation committed by the defendants. Otherwise, the defense believes the above allegations of misconduct will become a feature of the trial instead of the actual allegations contained in the indictment.

3. Exclude reference to the law enforcement investigation conducted by Mexican authorities concerning the instant case. The government intends to call law enforcement officials from Mexico in its case in chief. The defendants believe it is not relevant and more prejudicial than probative for the jury to hear about any conclusions made by Mexican authorities concerning the investigation and any court rulings or decisions made by the Mexican government or Mexican courts.

   The defense consulted with the government regarding the above motion and the government advised: "The Mexican officials will testify as to facts surrounding their investigation, the evidence they collected, and the arrests

that were made. They will not testify about any Mexican court rulings or court decisions."

4. Specifically, we move to exclude any reference by witnesses at trial as to the respective 75 year and 50 year Mexican prison sentences of alleged co-conspirators Tonito and Monica and the accompanying court case. Tonito and Monica were arrested by Mexican authorities and prosecuted there. The government believes they are un-indicted co-conspirators in this case. We believe their Mexican prison sentences are not relevant and more prejudicial than probative. The government agrees not to elicit this testimony at trial.
5. Exclude reference to the alleged number of migrants (hundreds allegedly) transported from Cuba to Mexico and then to the United States by the defendants involved in this conspiracy. The Superseding Indictment in the instant case does not include how many migrants the defendants allegedly smuggled into the United States. The defense has not been provided with the initials or names for anyone more than the nine (9) alleged victims listed in the Superseding Indictment. We believe the number of migrants is not relevant and is more prejudicial than probative. The government objects to this motion and states the following: "the Defendants are charged with conspiracy to smuggle aliens and alien smuggling. We believe the number of migrants they smuggled is relevant."

6. Exclude any and all expert testimony concerning victim exploitation and victim behavior as outlined by the government in docket entry 195. Neither witness listed by the government in docket entry 195 has sufficient expertise in these fields to justify the Court allowing them to testify as experts at trial. Moreover, the government has yet to provide the methodology upon which their opinions are based. The witnesses are law enforcement with limited backgrounds in psychology, sociology or medicine. The defense believes the government can neither meet the *Daubert* standard for reliability nor establish that either witness can testify competently in the field of victim exploitation and victim behavior. The government objects to this motion.

   Moreover, the defense hereby requests permission to file additional motions and/or amend this motion regarding the government's intention to introduce evidence of victim exploitation and victim, once the government provides the additional documentation we have requested. Specifically, the defense has requested for the government to provide us with the Curriculum Vitae of both proposed witnesses, whether either of them have ever been qualified to testify as expert witnesses in the area of victim exploitation and victim behavior, the methodology and data relied upon by these witnesses, and any tests or studies they will rely on when sharing their opinion with the jury.

   The government provided the CV for one of the witnesses late on February 9, 2022, which indicates the witness has master's degrees in cybersecurity, forensic accounting and business administration and an undergraduate degree

in psychology. Moreover, the witness has only been in law enforcement since 2018 and was only qualified to testify as an expert once in federal court, and that was as an expert in human trafficking and digital forensics. Regarding this witness, the government further indicated the witness "has participated in approximately between twenty and thirty federal investigations, has interviewed more than fifty victims and defendants."

7. Exclude references in Yohismy Perez Gonzalez's post-arrest statement to individuals in the group having had sex with some of the migrants. More prejudicial than probative. Speculation, calls for hearsay, not relevant and more prejudicial than probative. The government objects to this motion and believed the Court has already effectively ruled on this issue in docket entry 190.

8. Exclude references in Yohismy Perez Gonzalez's post-arrest statement to individuals receiving money for their work as part of the conspiracy to smuggle aliens to the United States. Speculation, calls for hearsay, not relevant and more prejudicial than probative. The government objects to this motion and believes the Court has already effectively ruled on this issue in docket entry 190.

9. Exclude reference to Jancer Ramos Valdes doing time in a Cuban prison and only being released shortly before his trip to Mexico in the underlying case. The defendant believes such testimony is not relevant to the crimes charged

and is more prejudicial than probative. The government agrees not to elicit this testimony at trial.

10. Exclude reference to Jose Miguel Gonzalez Vidal being arrested in Spain on an Interpol red alert and being incarcerated in Spain while awaiting extradition to Cuba, which ultimately did not occur. The defendant believes this evidence is not relevant to the crimes charged and is more prejudicial than probative. The government objects to this motion.

Respectfully submitted,

Christian Dunham
Assistant Federal Public Defender
Christopher Meadows
Assistant Federal Public Defender
150 West Flagler Street, Ste. 1700
Miami, Florida 33130
*Counsel for Ramos Valdes*
christian_dunham@fd.org
christopher_meadows@fd.org

Scott Tully Kalisch
Scott Kalisch, P.A.
435 South Oregon Avenue, #104
Tampa, Florida 33606
*Counsel for Crespo Marquez*
scottkalisch@bellsouth.net

Silvia Pinera-Vasquez
Pinera-Vazquez Law Firm
International Center
1900 SW 3rd Avenue
Miami, Florida 33129
*Counsel for Perez Gonzalez*
sbp@pineravasquezlaw.com

Rae Shearn
Law Offices of Rae Shearn, P.A.
1885 North River Drive
Miami, Florida 33125
*Counsel for Carbonel Lemus*
rshearn@raeshearnlaw.com

Juan Diego Berrio
Berrio & Berrio, P.A.
2333 Brickell Avenue
Suite A-1
Miami, Florida 33129
*Counsel for Gonzalez Vidal*
jdberrio@hotmail.com

**CERTIFICATE OF SERVICE**

I HEREBY certify that on February 10, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christian Dunham*