UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20050-ALTONAGA

UNITED STATES OF AMERICA,

     **Plaintiff,**

vs.

JOSE MIGUEL GONZALEZ VIDAL, ET AL.

     **Defendant.**

_____/

## MOTION TO DISMISS COUNTS 2 THROUGH 10

Defendants, **Jose Miguel Gonzalez Vidal**, Reynaldo Crespo Marquez, Jancer Sergio Ramos Valdes, Yosvani Carbonel Lemus, Yohismy Perez Gonzalez, and Reynaldo Abreu Garcia, through their respective defense counsel and pursuant to Federal Rules of Criminal Procedure 12(b) move to dismiss Counts 2 through 10 which charge encouraging aliens to enter the United States for Financial Gain in violation of 8 USC § 1324(a)(1)(A)(iv).

## INTRODUCTION

On February 9, 2023, the Defendants were charged by Second Superseding Indictment in Count 2 with conspiracy to encourage aliens to enter the United States for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and eight counts, Counts 3 through 10, of encouraging

aliens to enter the United States for financial gain. DE 355. The Second Superseding Indictment states in pertinent part:

<u>COUNT 2</u>
Conspiracy to Encourage Aliens to Enter the United States for Financial Gain 8 U.S.C. §§ 1324(a)(1)(A)(iv)

"Beginning at least as early as May 2009, the exact date being unknown to the Grand Jury, through on or about December 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, …. did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United States, that is, encouraging and inducing an alien to come to, enter, and reside in the United States, ***knowing and in reckless disregard of the fact that such coming to, entering, and residence was in violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i), all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I)***."

DE 355 page 6.

<u>COUNTS 3-10</u>
Encouraging Aliens to Enter the United States for Financial Gain 8 U.S.C. § 1324(a)(1)(A)(iv)

"On or about the dates specified below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants, … as set forth in each count below, did encourage and induce an alien, as specified below, to come to, enter, and reside in the United States, ***knowing and in reckless disregard of the fact that such coming to, entering, and residence was in violation of law … In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2***."

DE 355 pages 7-10.

2

### MEMORANDUM

Counts 2 through 10 of the Superseding Indictment should be dismissed because in the "manner and means" section of said indictment the Government admits that "[i]f the relatives of Cuban nationals paid the ransom fee, [Defendants], and other co-conspirators *released* the Cuban nationals and assisted them in traveling to the Mexican-United States border so that the Cuban nationals could *present themselves to United States immigration officials to seek asylum and enter into the United States."* DE 355 page 13 paragraph 10. As such, the Government admits that the Defendants encouraged and induced the Cuban migrants to report to a United States of America immigration port of entry for processing.

Since the Government admits that the Defendants encouraged and induced the migrants to report to a U.S. port of entry for immigration processing then the Government will be unable to prove that the Defendants conduct was "knowing or in reckless disregard of the fact that such coming to, entry, and residence was or would be in violation of [U.S. immigration] law." See 8 USC § 1324(a)(1)(A)(iv); *United States vs. Tracy,* 456 Fed. Appx. 267, 271 (4th Cir. 2011)(where the Court concluded that a violation of 8 USC § 1324(a)(1)(A)(iv) requires that the non-citizen be coming to the United States in violation of law. "When viewed in context, the statute cannot reasonably be

read as referring to anything but violations of United States immigration law.").

Standard Jury Instruction O96.4 outlines the elements the Government must prove beyond a reasonable doubt to convict the Defendants of encouraging or inducing aliens to enter the United States in violation of 8 USC § 1324(a)(1)(A)(v).[1] It states:

> First: The defendant and one or more persons in some way agreed to try to accomplish a shared and unlawful plan;
>
> Second: The defendant knew the unlawful purpose of the plan and willfully joined in it; and
>
> Third: The object of the conspiracy was to encourage or induce an alien to come to, enter, or reside in the United States, ***knowing or in reckless disregard of the fact that such coming to, entry, and residence was or would be in violation of law.***
>
> Standard Jury Instruction O96.4; *United States vs. Almagro,* 393 Fed. Appx. 627 (11th Cir. 2010)(To establish a criminal violation of 8 USC § 1324(a)(1)(A)(iv), the government must prove beyond a reasonable doubt that the defendant (1) encouraged or induced (2) an alien (3) to come to, enter, or reside in the United States, (4) in knowing or reckless disregard that such coming to, entry, or residence is or will be illegal).

Here, there are no allegations that the Defendants encouraged or induced the migrants to avoid or circumvent U.S. immigration officials at the port of entry. Similarly, there are no allegations that the Defendants encouraged or induced the migrants to sneak into the United States through

---

[1] The elements are the same for a violation of 8 USC § 1324(a)(1)(A)(iv) which is the specific subsection the Defendants are charged under.

the Rio Grande or in the cover of darkness. To the contrary, they instructed the migrants to report to U.S. immigration authorities and seek legal entry in accordance with U.S. political asylum laws. As such, they did not encourage or induce the aliens to migrate in violation of U.S. immigration laws. Compare *United States vs. Almagro,* 393 Fed. Appx. 627 (11th Cir. 2010)("With Almagro at the helm, they set off for Miami and arrived off the coast under the cover of darkness at 1:00 am, and with the lights off. This alerted CBP officials patrolling in Biscayne Bay who then intercepted the boat and determined that the five aliens aboard did not have any documentation evidencing legal status in the United States … "The jury was also free to credit the government's evidence, which sufficiently linked Almagro to a smuggling operation and showed that he not only secured the aliens' passage to the United States but also attempted to conceal their entry upon arrival.").

In conclusion, since the Government will be unable to prove the third element of 8 USC § 1324(a)(1)(A)(iv), Counts 2 through 10 should be dismissed. See *United States vs. Sahavneh*, 480 Fed. Appx. 530, 534 (11th Cir. 2012)(where the Court concluded that the Government was required to prove beyond a reasonable doubt that "… Sahavneh *knew* that Haddad's residence in the United States violated the law, an element required for the government to sustain a conviction under 8 USC § 1324(a)(1)(A)(iv).").

5

WHEREFORE, Defendants respectfully move to dismiss Counts 2 through 10 of the Superseding Indictment.

Respectfully submitted,

By: *S/ Juan D. Berrio*
FL Bar No. 0236070

## CERTIFICATE OF CONFERENCE

Pursuant to SDFL Local Rule 88.9(a), undersigned counsel has communicated via email in good faith with AUSA Ignacio Vasquez and AUSA Manolo Reboso who indicated that the government opposes the motion.

## CERTIFICATE OF SERVICE

I HEREBY certify that on **June 9, 2023**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:     *S/ Juan D. Berrio*
FL Bar No. 0236070

BERRIO & BERRIO, PA
7300 N. Kendall Drive, Suite 520
Miami, Florida 33156
Telephone (305)358-0940
Telephone (305)670-1930
E-mail: jdberrio@hotmail.com