**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CR-20050-ALTONAGA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**

**JOSE MIGUEL GONZALEZ VIDAL, ET AL.**

    **Defendant.**

_____/

## DEFENDANTS' REPLY TO UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS 2 THROUGH 10

Defendants, **Jose Miguel Gonzalez Vidal**, Reynaldo Crespo Marquez, Jancer Sergio Ramos Valdes, Yosvani Carbonel Lemus, Yohismy Perez Gonzalez, and Reynaldo Abreu Garcia, through their respective defense counsel, reply to the Government's response opposing the dismissal of Counts 2 through 10 which charge encouraging aliens to enter the United States for Financial Gain in violation of 8 USC § 1324(a)(1)(A)(iv).

## Argument

The Government mischaracterizes Defendants motion to dismiss counts 2 through 10 as a premature factual attack on the sufficiency of the *evidence*; but it is not. It is an attack on the sufficiency of the factual *allegations* contained in the Superseding Indictment. See DE 411, Motion to Dismiss

1

pages 4-5 ("Here, there are *no allegations* that the Defendants encouraged or induced the migrants to avoid or circumvent U.S. immigration officials at the port of entry. Similarly, there are *no allegations* that the Defendants encouraged or induced the migrants to sneak into the United States through the Rio Grande or in the cover of darkness.").

Instead, Defendants' motion to dismiss is a purely legal challenge as it attacks the sufficiency of the *allegations* in the Superseding Indictment because it is missing critical *factual allegations* to support an *essential* element of a 8 USC § 1324(a)(1)(A)(iv) violation, to wit: *factual allegations* to support that Defendants encouraged and induced the migrants to come to, enter, and reside in the United States, *"knowing and in reckless disregard of the fact that such coming to, entering, and residence was in violation of law ...."* See DE 355.

This is evident because nowhere in the 47 page speaking indictment does the Government *allege*, as it now does in its' Response in Opposition, that Defendants were "instructing and threatening the Cuban migrants to lie to United States immigration officials". See DE 416 page 13 ("Not only is it illegal for the Defendants to smuggle the Cuban migrants by encouraging and inducing them to enter the United States through an official United States port-of-entry at the Mexican border, they are also instructing and

threatening the Cuban migrants to lie to United States immigration officials.").

Similarly, despite the numerous criminal statutes that the 47 page speaking indictment accuses Defendants of violating, nowhere does it *allege* that Defendants violated 8 U.S.C. § 1325(a)(3) as the Government's Response in Opposition does now. See DE 355 page 5 (where the Superseding Indictment identifies numerous federal criminal laws, Nevada criminal laws, and Florida criminal laws that Defendants are accused of violating).

Making these factual *allegations* now[1] via its' Response in Opposition does not cure the factually deficient Superseding Indictment which "must be a plain, concise, and definite written statement of the *essential facts constituting the offense charged* ..." See Fed. R. Crim. P. 7(c)(1). Additionally, even if the Government attempted to cure said deficiencies now, whether the migrants lied about how they made their way from Cuba to Mexico to the United States' border is *not relevant* or *material* to whether they would ultimately receive political asylum in the United States pursuant to U.S. immigration laws. As such, there would be no violation of 8 U.S.C. § 1325(a)(3) as the Government now argues. See DE 416 pages 14 ("The

---

[1] Notably, the Government submits excerpts from Defendants Perez-Gonzalez's and Ramos Valdes' alleged lies to U.S. immigration officials on how they arrived to Mexico from Cuba but provide no excerpts of the alleged lies told by the Cuban migrant victims to U.S. immigration officials. See DE 416 pages 3-5.

Defendants' illegal alien smuggling operation encouraged and induced the Cuban migrants to enter the United States by means of lying during parole and asylum interviews, demonstrating the Defendants would know that the Cuban migrants' "entry … is or will be in violation of" Section 1325(a)(3)."); *United States vs. Kungys*, 485 U.S. 759, 772 (1988)(addressing materiality under § 1451(a) - A fact is material if it has a "natural tendency to influence" the immigration decision); *Fedorenko vs. United States*, 449 U.S. 490, 509 (1981)(addressing materiality under § 1451(a) – Materiality of a false statement is "measured in terms of its effect on the applicant's admissibility into this country."); *Fedorenko*, 449 U.S. at 749 (At a minimum, a misrepresentation is material "if disclosure of the true facts would have made the applicant ineligible" for the benefit sought).

This is also evident because according to the Government the Cuban victim migrants lied to U.S. immigration officials during their parole and political asylum interviews about how they travelled from Cuba to Mexico and then to the United States' border and yet, despite these lies, they have received and continue to receive U.S. immigration benefits (i.e., parole, work permits, status, etc …). As such, the alleged lies could not have been material.

WHEREFORE Counts 2 through 10 of the Superseding Indictment should be dismissed because the Superseding Indictment does not contain sufficient factual *allegations* to support them.[2]

## CERTIFICATE OF SERVICE

I HEREBY certify that on **June 29, 2023**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,

By:   *S/ Juan D. Berrio*
       FL Bar No. 0236070

BERRIO & BERRIO, PA
7300 N. Kendall Drive, Suite 520
Miami, Florida 33156
Telephone (305)358-0940
Telephone (305)670-1930
E-mail: jdberrio@hotmail.com

---

[2] The relevant *factual allegations* in the Superseding Indictment actually contradict that Defendants encouraged and induced migrants "to come to, enter, and reside in the United States, *knowing and in reckless disregard of the fact that such coming to, entering, and residence was in violation of law* …" Compare DE 355, Superseding Indictment page 13 π (Defendants "and other co-conspirators *released* the Cuban nationals and assisted them in traveling to the Mexican-United States border so that the Cuban nationals could *present themselves to United States immigration officials to seek asylum and enter into the United States*."); page 16 π 26, page 23 π 17, and page 27 π 17 (Some Defendants "and other co-conspirators, transported, or caused to be transported, Alien 7, to the Mexican-United States border *so that Alien 7 could present themselves to United States immigration officials to seek asylum*.").